The Judge,
in charging the jury, told them they were bound by the act of the legislature, enacted by the supreme authority of the state ; and if a jury was justifiable in disregarding any one act, they might refuse to be bound by any other act or law which did not accord with their own opinions ; and thus the fixed and stable principles of law would in future be obliged to give way to the fluctuating and uncertai* opinions of juries.
That the act in question made all usurious contracts void ; and that the evidence in this case brought the usuri- ' ous transaction between the original parties,. borrower and lender, so immediately and directly under the act, that it was impossible for them to wink so hard as not to see it. That the pretence of sale set up was a mere shift or colourable pretext, to elude the statute.
It was true, he admitted, that a man having an absolute right and power over his own property, might sell or dispose of it upon what terms he pleased, or even give it away, if he thought proper, where it was not to defeat creditors. And hence it was, that soon after the revolutionary war, *31 bando and notes, and state indents, when there was little or no specie in the country, had been sold and disposed of for one-half of ¡.heir nominal values, at 100 per cent, discount, and many much lower, to an incalculable amount. But all those were real sales, not shifts to raise money. That every loan contemplated a return of the money at some given or fixed period ; whereas a sale was an absolute, irredeemable transfer, for valuable consideration, never to be returned. Thus there was a marked difference between them ; the former came under the act, the latter die act had nothing to do with. In this instance, a return of the money was in contemplation of both borrower and lender, and the 2,000/. indent was lodged as a collateral security for the re-tarn of the money, with the usurious interest; therefore there could be no doubt but that this ivas a loan, and not a sale, whatever might be the pretences to the contrary; and being so, it was clearly, in every point of view, a usurious trails-action.
i ¡¡'ill sdi„
ibid,
^ • 2 Htr. 124.!. Zefi, sts
But it has been said, Mr. Payne was an innocent holder, for valuable consideration ; he had no concern in the original transaction between the defendant and the broker. This does not in the least alter the case. For if the bargain was in its origin usurious, no circumstances afterwards between intermediate parties, however fair or legal, as between them, will ever give efficiency or validity to a note or bill, so as to charge the drawer. Doug. 715, 716. 1 Term Rep. 300. For if it was once permitted to an indorsee to recover on a usurious note, the lender could always pass away these notes or bills, either bona fde to one to whom he is indebted, or eolourably to some secret partner in the business, and by these means (as has been very properly observed) the statute would be eluded. But Mr. Payne, the present plaintiff, is not without his remedy, for although the note is void against the drawer, he has his remedy against the indorser, or person from whom he received it, in an action for money had and received to his use ; and if the negotiation was fair between them, upon this equitable ground his remedy would *32 remain unimpeachecl. Besides, it was the usage and custom of merchants to take notes and bills upon the credit of the indorser, rather than the drawer, who might be unknown, so that he was not remediless upon the present occasion.
The cause took up two days in the examination of witnesses, and in the arguments of the counsel, ■ and on the morning of the third day, the jury brought in a verdict for the plaintiff with interest and costs of suit.
The present was therefore a motion in the constitutional court of appeals, to set aside this verdict, and for a new trial, on the grounds, that the finding of the jury was against law, evidence, and the direction of the judge who tried the cause.
Upon the argument for and against this motion, nearly the same points were taken which had been urged before the jury, only the court told the counsel on the part of the defendant, they might reserve themselves for the reply to the plaintiff, if the court should think it necessary.
On the part of the plaintiff, all the grounds which had been taken at the trial, were again reargued ; and one eounsel on the part of defendant was permitted to answer those who had gone on, on behalf of the plaintiff. After which, the judges were unanimously of opinion, that the verdict should be set aside, and a new trial granted, without costs.
The Court observed, that at the threshold of this cause, the judge who tried it, had very properly admitted the broker who negotiated this business between the borrower and lender of the money, to be admitted as a witness, under the act. And that from his testimony, as well as from the testimony of Sarcedas, and the clerk at the bank, usury was stamped on every feature of the transaction between *33 the original parties. If so, then admitting, Mr. Payne to have been an innocent hoider for valuable consideration, of the note for 580/. (though he could not be considered as such for the small note for 277. Is. 4d. for one month’s forbearance money,) yet, as it was absolutely void in its creation, he never could recover against the drawer. That the authorities quoted on the trial, and many others, are all clear on that point. 'That the jury had found against this clear and positive testimony, as well as against a public law of the state, and the clear opinion of the judge who tried the case, upon all the points, as reported by him to this court. That it was the duty of this court, whenever the juries of the country will take upon them to disregard the laws of the land, and clear and indubitable testimony, to set aside their verdicts, to ties quoties, &c. until they can get twelve men firm enough to defend and support our legal Institutions. Otherwise, the fluctuating sentiments of juries will prevail against the stable principles of law.
Let the rule for new trial be made absolute, without costs.
All the Judges present.
JSh B. This cause was never brought forward again»